### KENNEDY *v.* HODGES.

An agreement between persons interested in a criminal prosecution, and a deputy-sheriff of the county in which the prosecution is pending, for the payment to the latter of a pecuniary reward for furnishing sufficient evidence to convict the accused, is illegal, contrary to public policy, and void.

February 7, 1896.

Action on contract. Before Judge Callaway. Tattnall superior court. April term, 1895.

*Lee & Giles* and *Hines & Hale*, for plaintiffs in error.
*Williams & Burkhalter*, contra.

SIMMONS, Chief Justice.

Alfred Kennedy was murdered in the county of Tattnall, and Henry Futch, Sarah DeLoach and Mary Jane DeLoach were charged with the crime and were arrested and placed in jail. Certain relatives of Kennedy entered into a written contract with Hodges, the deputy-sheriff of the county, as follows:

"We, the undersigned, do contract as follows: P. C. Hodges agrees, in consideration of the sum of five hundred dollars to be paid for his services, to furnish sufficient evidence to convict the parties who murdered Alfred Kennedy, and to show up all parties connected with the said murder.

v 97–48

In consideration of said services, we, the undersigned, do hereby agree on our part to pay said amount immediately after the trial and conviction of said murderers, and the bringing to light all parties connected with the same."

Henry Futch and Sarah DeLoach were convicted. Subsequently Hodges brought suit against the parties who had entered into this agreement with him, alleging that they had refused to pay the reward. A verdict was rendered in his favor, and the defendants made a motion for a new trial, which was overruled, and they excepted. One of the grounds of the motion was, that the contract sued upon was void because contrary to public policy.

We think the court erred in not granting a new trial. A contract to pay a public officer for doing a duty which the law requires him to do without such payment, or to pay him a greater sum than that contemplated by law, is contrary to public policy and void; and still more so is any contract which is calculated to induce a dereliction or laxity in the performance of his duty. (See Greenhood, Public Policy, pp. 306, 328, and cases cited.) The plaintiff in the court below was an officer of the court in which the accused were to be tried. Among the duties appertaining to his office, in connection with the trial of criminal cases, were the summoning of witnesses, the selection of tales jurors, and the keeping of the jury in his charge or under his supervision during the trial and until the rendition of the verdict. His interest in procuring a reward for the conviction of the accused would manifestly have a tendency to encourage dereliction of duty in these respects. Its tendency would be to render him less diligent in procuring the attendance of witnesses in behalf of the accused, to influence him to select as tales jurors persons having a bias or prejudice against the accused, to cause tampering with the jury while under his charge, etc. We think it is clear, therefore, that the contract in question was contrary to public policy, and void.     *Judgment reversed.*